IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| SHERRILL CANFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | 3:20-cv-00837 |
| | ) | |
| v. | ) | |
| | ) | |
| CREDIT ONE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

NOW COMES the Plaintiff, SHERRILL CANFIELD, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, CREDIT ONE BANK, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. SHERRILL CANFIELD, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Ladysmith, County of Rusk, State of Wisconsin.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. CREDIT ONE BANK, (hereinafter, "Defendant") is a business entity engaged in providing consumer loans and financing as well as other financial services within the State of Wisconsin. Defendant's principal place of business is located in the State of Nevada.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

### IV.  ALLEGATIONS

8. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. On or about April 16, 2019, Plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy (hereinafter, the "bankruptcy petition") in the United States Bankruptcy Court for the Western District of Wisconsin, commencing bankruptcy case number 19-11198-cjf.

10. At the time Plaintiff filed her bankruptcy petition, she owed a debt to Defendant. The debt was for a credit card Plaintiff had opened with Defendant in February of 2018.

11. Plaintiff scheduled the aforementioned debt in her bankruptcy petition as an unsecured debt in the amount of $885.00.

12. At the time Plaintiff filed her bankruptcy petition, she owed no other debt to Defendant.

13. At the time Plaintiff filed her bankruptcy petition, she had no other accounts with Defendant.

14. On or about July 24, 2019, the United Stated Bankruptcy Court for the Western District of Wisconsin entered an order discharging Plaintiff, thereby extinguishing her liability for the aforementioned debt owed to Defendant.

15. In addition, at the time of Plaintiff's discharge, there were no assets in the bankruptcy estate to which to make any distribution.

16. Any unsecured debts that were incurred prior to the filing of Plaintiff's bankruptcy petition is considered discharged regardless of whether the debt was specifically listed in Plaintiff's bankruptcy petition schedules of creditors.

17. On or about July 27, 2017, The United Stated Bankruptcy Court for the Western District of Wisconsin served a Certificate of Notice on Defendant, which included a copy of Plaintiff's Order of Discharge.

18. Defendant was effectively put on notice that any debt incurred prior to the filing of that petition was discharged.

19. At no time since July 24, 2019 has Plaintiff owed any debt to Defendant.

20. At no time since July 24, 2019 has Plaintiff had any accounts open with Defendant.

21. At no time since July 24, 2019 has Plaintiff had any personal credit account with Defendant.

22. At no time since July 24, 2019 has Plaintiff had any personal business relationship with Defendant.

23. Given the facts delineated above, at no time since July 24, 2019 has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

24. Given the facts delineated above, at no time since July 24, 2019 has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

25. On or about August 6, 2019, September 4, 2019, October 1, 2019, October 28, 2019, November 25, 2019, December 23, 2019, January 21, 2020, and February 19, 2020, despite

being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from Experian Information Solutions, LLC, a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

26. At no time on or prior to any of the above dates did Plaintiff consent to Defendant accessing her individual and personal credit reports.

27. On each the above stated dates, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit reports without a legitimate business reason to do so.

28. On each the above stated dates, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit reports impermissibly.

29. On the above stated dates, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit reports without first informing Plaintiff of its intent to do so.

30. On the above stated dates, at the times Defendant accessed Plaintiff's individual and personal credit reports, Defendant reviewed Plaintiff's private information.

31. On the above stated dates, at the times Defendant accessed Plaintiff's individual and personal credit reports, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

32. On the above stated dates, at the times Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's payment history on her individual credit accounts.

33. On the above stated dates, at the times Defendant accessed Plaintiff's individual and personal credit reports, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

34. On the above stated dates, at the times Defendant accessed Plaintiff's individual and personal credit reports, Plaintiff's private financial information was published to Defendant.

35. On the above stated dates, at the times Defendant accessed Plaintiff's individual and personal credit reports, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

36. On the above stated dates, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained personal information about Plaintiff, such as her current and past addresses; date of birth; employment history; and, telephone numbers.

37. On the above stated dates, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's personal information, as delineated above, was published to Defendant.

38. Defendant's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f)(1).

39. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of her personal information and her credit information and an injury to her credit rating and reputation.  Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHERRILL CANFIELD, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

c. Punitive damages;

d. Plaintiff's attorneys' fees and costs; and,

e. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,<br>
**SHERRILL CANFIELD**

By:     s/ David M. Marco
       Attorney for Plaintiff

Dated: September 10, 2020

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:     dmarco@smithmarco.com